# 13-3963-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

———◆◆———

JEFFREY LLOYD, on behalf of himself and those similarly situated, SUSAN HYMAN, LAWRENCE R. KAUFMANN, ALAN B. KRICHMAN, GRAEME PATEY, PETER PICCOLI, SCOTT VANHOOGSTRAAT, JOSHUA STROUSE, JEFFREY LAMMERT, JENNIFER ZAAT-HETELLE, ROBERT M. JOHNSON, SAMIR MAKAR,

*Plaintiffs-Appellees,*

ELLEN SZYMKIEWICZ, on behalf of herself and those similarly situated,

*Plaintiff,*

—against—

J.P. MORGAN CHASE & CO., CHASE INVESTMENT SERVICES CORP.,

*Defendants-Appellants.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFFS-APPELLEES

ADAM T. KLEIN
RACHEL M. BIEN
DEIRDRE AARON
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

*Attorneys for Plaintiffs-Appellees*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

STATEMENT OF THE ISSUES FOR REVIEW ...................................................2

STATEMENT OF THE CASE.................................................................................3

STATEMENT OF FACTS .......................................................................................6

SUMMARY OF THE ARGUMENT .......................................................................7

ARGUMENT ...........................................................................................................9

I.     Collateral Estoppel Bars Chase from Re-litigating the Applicability of
Its Arbitration Clause to Plaintiffs' Class Claims ...........................................9

II.    The Plain Language of the Arbitration Clause Establishes that Plaintiffs'
Claims Are Governed By FINRA Rules Which Preclude Arbitration..........11

        A.    FINRA Rules Prohibit Chase from Compelling Arbitration of Class
Claims Filed in Court Unless the District Court Denies Class
Certification or Grants Decertification.................................................12

        B.    The Court Should Reject Chase's Interpretations of the Arbitration
Clause Because They Conflict with Its Plain Terms...........................13

                1.    The Positive Assurances Test Does Not Apply .......................13

                2.    The Arbitration Clause Does Not Contain a "Separate
Agreement" to Resolve Disputes by Individual Arbitration ....17

                3.    The Arbitration Clause Does Not Waive Plaintiffs' Right to
Bring Class or Collective Claims in Court ...............................19

                4.    The Rule of Last Antecedent Does Not Support Chase's
Interpretation of Its Arbitration Clause....................................21

i

        5.     The District Court Did Not Overlook Language in the Arbitration Clause and Read It as a Whole................................22

        6.     Plaintiffs Did Not "Elect" to Waive Their Right to Participate in a Class or Collective Action ...................................................23

III.   The District Court Correctly Found that FINRA Rule 13204(b) Prohibits Chase From Compelling Plaintiffs to Arbitrate Their Collective Action Claims .................................................................................24

    A.    FINRA Rule 13204(b) Prohibits Chase From Seeking to Arbitrate Plaintiffs' Collective Action Claims ...................................24

    B.    The Agreement in the *Schwab* Case Is Not Similar to Chase's Arbitration Clause ...............................................................27

    C.    Because Plaintiffs' Class Claims Are Not Subject to Arbitration, It Would Be Inefficient for the Court to Sever Their FLSA Claims and Send Them to Arbitration ............................................27

CONCLUSION ......................................................................................29

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alakozai v. Chase Inv. Servs. Corp.*,
___ F. App'x ___, No. 12-55553, 2014 WL 487075
(9th Cir. Feb. 7, 2014)............................................................*passim*

*Alakozai v. Chase Inv. Servs. Corp.*,
No. 11 Civ. 9178, 2012 WL 748584 (C.D. Cal. Mar. 1, 2012)...............5, 10, 20

*Ali v. Mukasey*,
529 F.3d 478 (2d Cir. 2008) .................................................9

*AT&T Mobility LLC v. Concepcion*,
131 S. Ct. 1740 (2011).........................................................12

*AT&T Techs., Inc. v. Commc'n Workers of Am.*,
475 U.S. 643 (1986).............................................................14

*Ball v. A.O. Smith Corp.*,
451 F.3d 66 (2d Cir. 2006) ..................................................9

*Bank Julius Baer & Co. v. Waxfield Ltd.*,
424 F.3d 278 (2d Cir. 2005).................................................16

*Barnhart v. Thomas*,
540 U.S. 20 (2003)..............................................................21

*Bogle-Assegai v. Connecticut*,
470 F.3d 498 (2d Cir. 2006) ...............................................23

*Cohen v. UBS Financial Services, Inc.*,
No. 12 Civ. 2147, 2012 WL 6041634 (S.D.N.Y. Dec. 4, 2012) ...........18, 23, 27

*Comedy Club, Inc., v. Improv West Associates*,
553 F.3d 1277 (9th Cir. 2009) ............................................16

*Credit Suisse First Boston Corp. v. Pitofsky*,
4 N.Y.3d 149 (2005)............................................................19

*Cybernaut Capital Mgmt. Ltd. v. Partners Grp. Access Secondary 2008, L.P.*,
   No. 13 Civ. 5380, 2013 WL 4413754 (S.D.N.Y. Aug. 7, 2013)........................11

*Doyle v. Finance America, LLC*,
   918 A.2d 1266 (Md. 2007) .................................................................20

*Fromer v. Comcast Corp.*,
   886 F. Supp. 2d 106 (D. Conn. 2012)....................................................28

*Gomez v. Brill Sec., Inc.*,
   95 A.D. 3d 32 (N.Y. App. Div. 2012) ...................................................18

*Green Tree Fin. Corp.-Ala. v. Randolph*,
   531 U.S. 79 (2000)............................................................................10

*Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*,
   186 F.3d 210 (2d Cir. 1999) ..............................................................21

*Kinecta Alternative Financial Solutions, Inc. v. Superior Court*,
   140 Cal. Rptr. 3d 347 (Cal. Ct. App. 2012).......................................... 20

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,
   252 F.3d 218 (2d Cir. 2001) .................................................13, 15, 16

*McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*,
   858 F.2d 825 (2d Cir. 1988) ..............................................................15

*N.L.R.B. v. Thalbo Corp.*,
   171 F.3d 102 (2d Cir. 1999) ................................................................9

*Nat'l Ass'n of Broad. Emps. & Technicians v. Am. Broad. Co.*,
   140 F.3d 459 (2d Cir. 1998) ..............................................................16

*Oldroyd v. Elmira Sav. Bank, FSB*,
   134 F.3d 72 (2d Cir. 1998) ................................................................15

*Pezza v. Investors Capital Corp.*,
   767 F. Supp. 2d 225 (D. Mass. 2011)...................................................26

*Republic of Iraq v. ABB AG*,
   472 Fed. App'x 11 (2d Cir. 2012) ......................................................21

*Sarhank Grp. v. Oracle Corp.*,
   404 F.3d 657 (2d Cir. 2005) ................................................................21

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662 (2010).....................................................................2, 13

*Suschil v. Ameriprise Financial Services, Inc.*,
   No. 07 Civ. 2655, 2008 WL 974045 (N.D. Ohio Apr. 7, 2008)...................19, 27

*Towers, Perrin, Forster & Crosby, Inc. v. Brown*,
   732 F.2d 345 (3d Cir. 1984) ............................................................11

*Velez v. Perrin Holden & Davenport Cap. Corp.*,
   769 F. Supp. 2d 445 (S.D.N.Y. 2011) ...............................................18

*Wong v. CKX, Inc.*,
   890 F. Supp. 2d 411 (S.D.N.Y. 2012) ...............................................26

*WorldCrisa Corp. v. Armstrong*,
   129 F.3d 71 (2d Cir. 1997) ............................................................14

*Wright v. Universal Mar. Serv. Corp.*,
   525 U.S. 70 (1998)........................................................................14

*Zeltser v. Merrill Lynch & Co.*,
   No. 13 Civ 1531, 2013 WL 4857687 (S.D.N.Y. Sept. 11, 2013).....................18

**Statutes**

Sarbanes-Oxley Act, 18 U.S.C. § 1514A ...............................................25

**Other Authorities**

*Dep't of Enforcement v. Charles Schwab & Co.*, Disciplinary Proceeding No.
   2011029760201 (Feb. 21, 2013).......................................................27

FINRA Rule 13204 ..........................................................................*passim*

# INTRODUCTION

Plaintiffs-Appellees, Lawrence Kaufmann, Susan Hyman, Alan Krichman, and Jeffrey Lammert ("Plaintiffs"), filed a class and collective action alleging that Defendants-Appellants J.P. Morgan Chase & Co. and Chase Investment Services Corp. ("Chase") misclassified them as exempt from federal and/or state overtime protections.  Chase moved to compel Plaintiffs to arbitrate their claims before the Financial Industry Regulatory Authority ("FINRA") based on a provision of Chase's arbitration agreement that requires arbitration of certain claims that are "required to be arbitrated by the FINRA Rules."  App.76, App.84, App.92, App.100.

The FINRA Rules, however, explicitly precluded arbitration of Plaintiffs' claims.  Specifically, they prohibit arbitration of claims that are "the subject of a certified or putative class or collective action" until a court has denied class or collective certification or the individuals subject to the agreement have elected not to participate in the action.  App.107-08 (FINRA Rule 13204 (a)-(b)) ("FINRA Rule 13204").

The district court denied Chase's motion, holding that Plaintiffs' claims are the subject of a class and collective action, and, therefore, that FINRA Rule 13204 prevented Chase from requiring them to be arbitrated at this time.  App.44-46.  The district court's ruling was consistent with the only Circuit Court to have addressed

1

this precise issue.  After Chase filed its opening appellate brief in this case, the Ninth Circuit held that "[t]he plain language" of Chase's arbitration clause "incorporates [FINRA] Rules" and thus "precludes enforcement of the arbitration agreement" before Rule 13204's preconditions have been met.  *Alakozai v. Chase Inv. Servs. Corp.*, ___ F. App'x ___, No. 12-55553, 2014 WL 487075, at *1 (9th Cir. Feb. 7, 2014).

This Court should affirm the district court's order because it enforced the unambiguous terms of the arbitration clause that Chase drafted, as U.S. Supreme Court precedent required it to do.  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (The Federal Arbitration Act ensures that private arbitration agreements "are enforced according to their terms.") (citations omitted).

## STATEMENT OF THE ISSUES FOR REVIEW

1.     Whether the district court correctly held that Chase's arbitration agreement did not require Plaintiffs to arbitrate their class and collective claims where the agreement specifies that only employment claims "required to be arbitrated by the FINRA Rules" must be arbitrated and FINRA Rule 13204 precludes Chase from enforcing an arbitration agreement with respect to any claims that are subject to a putative class action or a certified collective action before certain preconditions, which are not present here, have been met.

2.    Whether the district court correctly held that Rule 13204(b) applies to Plaintiffs' collective claims where Chase's arbitration agreement does not place any temporal limitation on the FINRA Rules that govern Plaintiffs' claims, where FINRA specifically intended the Rule to apply to all claims filed in court at the time of its enactment, and where application of the Rule would not deprive Chase of any substantive rights.

## STATEMENT OF THE CASE

Jeffrey Lloyd and Ellen Szymkiewicz filed a Class and Collective Action Complaint on December 19, 2011, alleging that they and other similarly situated Chase Financial Advisors were uniformly misclassified as exempt from the overtime requirements of the FLSA and New York and New Jersey wage laws. Dkt. No. 1.  After the Complaint was filed, Lawrence Kaufmann joined the case as a Named Plaintiff and Susan Hyman, Alan Krichman, and Jeffrey Lammert joined the case as Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b).  Dkt. Nos. 3, 13, 56. Because Hyman and Krichman worked for Chase in New Jersey, they are members of the putative New Jersey class.  *See* No. 64-9 (Hyman Decl.) ¶ 2; Dkt. No. 64-10 (Krichman Decl.) ¶ 2.

On January 14, 2013, Plaintiffs moved for conditional certification of their FLSA claims and for Court-authorized notice.  Dkt. No. 62; App.110 ¶ 9.  The

district court granted Plaintiffs' motion on September 9, 2013.[1]  App.34.  On

January 14, 2013, Chase moved to compel Kaufmann, Hyman, Krichman, and

Lammert to arbitrate their class and collective claims.  Dkt. Nos. 65-66, 70.  The

district court denied Chase's motion on September 9, 2013.  App.34.

Chase's arbitration provision ("Arbitration Clause") provides that

employment claims "required to be arbitrated by the FINRA Rules shall be

resolved by individual (not class or collective) arbitration in accordance with the

Code of Arbitration Procedure of the FINRA[.]"  App.76, App.84, App.92,

App.100.  Plaintiffs' class and collective claims are not "required to be arbitrated

by the FINRA Rules" because FINRA Rule 13204(a) and (b) precludes FINRA

from hearing claims that are "the subject of a certified or putative class or

collective action" until a court has denied class or collective certification or the

individuals subject to the agreement have elected not to participate in the action.

*See* App.107-08.

Three courts construing the same Arbitration Clause have denied Chase's

efforts to force employees to arbitrate their class claims based on the Clause's clear

language, which Chase drafted.  First, on March 1, 2012, the district court for the

Central District of California held that, "[b]ased on the plain language of the

---

[1]    The litigation has continued in the district court pending Chase's appeal
because many class and collective members, including some of the Named
Plaintiffs, did not sign any arbitration agreement.  *See* Dkt. Nos. 127, 143.

agreement, it is clear that the parties intended to submit to arbitration any claims required to be arbitrated under the FINRA Rules." *Alakozai v. Chase Inv. Servs. Corp.*, No. 11 Civ. 9178, 2012 WL 748584, at *3 (C.D. Cal. Mar. 1, 2012). Because Rule 13204 "expressly states that a member may not enforce an arbitration agreement with respect to any claim that is the subject of the class action until one of four conditions occur," the court held that the plaintiffs were not required to arbitrate their class claims. *Id.*

Second, on September 9, 2013, the district court in this case reached the same conclusion as the *Alakozai* court. App.45-46. In particular, the district court held that Chase's arbitration clause "clearly requires individual arbitration only to the extent such arbitration is 'required . . . by the FINRA Rules.' Because the FINRA Rules, as currently in effect, clearly do not require, and indeed preclude at this juncture, arbitration of the class and collective action claims raised in the litigation," Chase's motion to compel must be denied. App.46.

Third, on February 7, 2014, the Ninth Circuit affirmed the *Alakozai* court's denial of Chase's motion. *Alakozai*, 2014 WL 487075, at *1. It held that the "plain language of the arbitration agreement incorporates [FINRA] Rules," and that "[b]ecause the district court ha[d] not yet addressed class certification in th[e] case," FINRA Rule 13204 precluded Chase from enforcing the arbitration clause. *Id*.

5

## STATEMENT OF FACTS

Chase required Plaintiffs to agree to its Arbitration Clause as a condition of employment.  The Arbitration Clause states that FINRA Rules govern whether or not Plaintiffs' employment claims must be arbitrated:

> Any claim or controversy concerning you arising out of or in connection with the business activities of JPMC, your activities and/or your appointment as a registered representative or your employment and/or the termination thereof *required to be arbitrated by the FINRA Rules* shall be resolved by individual (not class or collective) arbitration in accordance with the Code of Arbitration Procedure of the FINRA (including the FINRA Arbitration Disclosure Rule and Procedures for Employment Arbitration Disclosure Statement), and in accordance with applicable law.  Such arbitration(s) shall be conducted in New York, New York and under the law of the State of New York, if applicable (without giving effect to the conflict of law principles thereof (as permitted by law)) and judgment upon the award rendered by such arbitrators may be entered in any court having proper jurisdiction.  Further, no claims shall be arbitrated on a class or collective action or collective or class-wide basis.

App.76, App.84, App.92, App.100 (emphasis added).

FINRA Rule 13204(a) prohibits Chase and other FINRA members from compelling arbitration at FINRA of any claims that are subject to a putative class action unless:

- The class certification is denied;

- The class is decertified;

- The member of the certified or putative class is excluded from the class by the court; or

- The member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

App.107 (FINRA Rule 13204(a)(4)).

Similarly, FINRA Rule 13204(b) prohibits members from compelling arbitration at FINRA of any claims that are subject to a putative collective action "until the collective action certification is denied or the collective action is decertified." App.107.

Chase's Arbitration Clause does not prohibit Plaintiffs from bringing their claims in court as a class or collective action. It simply states that "no claims *shall be arbitrated* on a class or collective action or collective or class-wide basis." App.76, App.84, App.92, App.100 (emphasis added).

## SUMMARY OF THE ARGUMENT

The district court's order denying Chase's motion to compel arbitration enforced the plain language of Chase's Arbitration Clause and should be affirmed.

First, Chase is collaterally estopped from re-litigating whether its Arbitration Clause requires Kaufmann, Hyman, and Krichman to arbitrate their class claims on an individual basis. Another district court already evaluated the same issue, ruled against Chase, which was a party to the action, and the Ninth Circuit affirmed the decision.

Second, the district court correctly held that the plain terms of the Arbitration Clause precluded Chase from compelling Plaintiffs to arbitrate their class and collective claims because it incorporated FINRA Rules and the preconditions of FINRA Rule 13204(a) and (b) were not met.  Chase's arguments to the contrary ignore the plain language of the Clause that it drafted and rely on cases that are inapplicable because they involved separate agreements waiving the plaintiffs' right to litigate their class and collective claims in court or broad agreements to arbitrate all claims, which Chase did not require here.

Third, FINRA Rule 13204(b) applies to Plaintiffs' collective claims, even though it was enacted after they signed the Arbitration Clause, because the Rule applies "to any claims that are part of a certified or putative collective action under the FLSA[.]"  App.167.  The district court correctly found that the Clause "incorporates the arbitration parameters defined by the FINRA Rules, without any specific temporal reference," and that it was "consistent with the language of the agreement, and with FINRA's own effective date statement, to apply the current provisions of the rules."  App.45 n.8.

8

## ARGUMENT

### I.    Collateral Estoppel Bars Chase from Re-litigating the Applicability of Its Arbitration Clause to Plaintiffs' Class Claims.

The Ninth Circuit already considered and rejected Chase's argument that the Arbitration Clause requires Financial Advisors who signed the agreement to arbitrate their class claims. *Alakozai*, 2014 WL 487075, at *1. Because Chase was a party to that proceeding and had a full and fair opportunity to litigate the issue, the doctrine of collateral estoppel prevents Chase from litigating the same issue again before this Court.

Collateral estoppel applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (internal quotation marks and citation omitted); *accord Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). The doctrine is applicable against "one who was a party to the prior proceeding, or was in privity with such a party." *N.L.R.B. v. Thalbo Corp.*, 171 F.3d 102, 109-10 (2d Cir. 1999).

All of the requirements for collateral estoppel are met here. First, the issue Chase raised on appeal in *Alakozai* and raises again in this Court – whether Financial Advisors' class claims must be arbitrated pursuant to the Arbitration

9

Clause – is the same. *See Alakozai*, 2014 WL 487075, at *1. Chase concedes that the two proceedings involved the same Arbitration Clause, Chase Br. at 22 n.6, and the Ninth Circuit considered the same arguments from Chase with respect to the applicability of the Arbitration Clause to pending class claims, *see Alakozai*, 2014 WL 487075, at *1.

Second, the issue was actually litigated by Chase and decided by the Ninth Circuit. Interpreting the same Arbitration Clause, the Ninth Circuit held that "[t]he plain language of the arbitration agreement incorporates [FINRA] Rules and . . . excludes class claims from arbitration." *Id.* Thus, the Ninth Circuit held, the Arbitration Clause "contains no waiver of plaintiffs' rights to bring class action claims [in court] against Chase." *Id.*

Third, Chase had a full and fair opportunity to litigate the issue in *Alakozai*. Chase litigated the issue before the district court, which considered its arguments but denied Chase's motion. *See Alakozai*, 2012 WL 748584, at *3. Chase then appealed the district court's denial to the Ninth Circuit, which evaluated Chase's arguments and affirmed the district court's decision. *Alakozai*, 2014 WL 487075, at *1.

Fourth, the Ninth Circuit's denial of Chase's motion to compel is a final decision on the merits. *Cf. Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86-87 (2000) (an order on a motion to compel arbitration is a "final decision with

10

respect to an arbitration") (internal citation omitted); *see Cybernaut Capital Mgmt. Ltd. v. Partners Grp. Access Secondary 2008, L.P.*, No. 13 Civ. 5380, 2013 WL 4413754, at *1, *3-4 (S.D.N.Y. Aug. 7, 2013), *appeal withdrawn*, No. 13-2995 (2d Cir. Nov. 19, 2013) (holding that order in a previous case denying the defendant's motion for a stay in favor of arbitration is final for purposes of collateral estoppel); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 13 ("for the purposes of issue preclusion . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect").[2]

## II.    The Plain Language of the Arbitration Clause Establishes that Plaintiffs' Claims Are Governed By FINRA Rules Which Preclude Arbitration.

The plain language of the Arbitration Clause establishes that the FINRA Rules govern the arbitrability of Plaintiffs' employment claims.  Specifically, the Clause states:

> Any claim or controversy concerning you arising out of or in connection with the business activities of JPMC, your activities and/or your appointment as a registered representative or your employment and/or the termination thereof *required to be arbitrated by the FINRA Rules* shall be resolved by individual (not class or collective) arbitration in accordance with the Code of Arbitration Procedure of the FINRA (including the FINRA Arbitration Disclosure Rule and

---

[2]    *See also Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 348 (3d Cir. 1984) ("[T]he decision that a dispute is or is not arbitrable is conclusive of that issue.").

11

Procedures for Employment Arbitration Disclosure Statement), and in
accordance with applicable law.

App.76, App.84, App.92, App.100 (emphasis added).  Supreme Court precedent

requires this Court to enforce the Arbitration Clause according to its specific terms.

*See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (The Federal

Arbitration Act "ensur[es] that private arbitration agreements are enforced

*according to their terms*.") (internal quotation marks omitted) (emphasis added).

### A.    FINRA Rules Prohibit Chase from Compelling Arbitration of Class Claims Filed in Court Unless the District Court Denies Class Certification or Grants Decertification.

FINRA Rule 13204(a)(4) prohibits Chase from enforcing its Arbitration

Clause against a putative class member with respect to any claim that is subject to

a putative class action unless certain conditions have been met.  Specifically,

Chase cannot compel arbitration unless: (1) the court has denied class certification;

(2) the court has decertified the class; (3) the court has excluded the putative class

member from the class; or (4) the putative class member has elected not to

participate in the class or withdraws from the class according to conditions set by

the court, if any.  App.107.

None of the conditions under Rule 13204(a)(4) are met in this case.  The

district court has not denied class certification, granted decertification, or excluded

Plaintiffs from the putative class, and none of the Plaintiffs has sought to withdraw

12

from the class.  Thus, Rule 13204(a)(4) prohibits Chase from invoking the

Arbitration Clause against Plaintiffs at this stage of the case.  *See Alakozai*, 2014

WL 487075, at *1.

### B.     The Court Should Reject Chase's Interpretations of the Arbitration Clause Because They Conflict with Its Plain Terms.

Chase's attempt to re-write the Arbitration Clause by ignoring its

incorporation of the FINRA Rules conflicts with the unambiguous language that

Chase itself drafted.  "'[A]rbitration is simply a matter of contract between the

parties; it is a way to resolve those disputes—but only those disputes—that the

parties have agreed to submit to arbitration.'"  *Stolt-Nielsen*, 559 U.S. at 684

(quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995)).

"[A] party cannot be required to submit to arbitration any dispute which he has not

agreed so to submit."  *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading

Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (quoting *AT&T Techs., Inc. v. Commc'n

Workers of Am.,* 475 U.S. 643, 648 (1986)) (internal quotation marks omitted).

### 1.     The Positive Assurances Test Does Not Apply.

The positive assurances test that Chase urges does not apply in this case.

The test, which is really a presumption of arbitrability, has been applied primarily

to the interpretation of Collective Bargaining Agreements ("CBAs"),[3] and not to arbitration clauses generally.  *See Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78-79 (1998) (acknowledging that the test applies to CBAs); *see also AT&T Techs.*, 475 U.S. at 650 (the positive assurances presumption "for labor disputes recognizes the greater institutional competence of arbitrators in interpreting collective-bargaining agreements").  The Supreme Court has held that the test "does not extend beyond the reach of the principal rationale that justifies it, which is that arbitrators are in a better position than courts to interpret the terms of a CBA."  *Wright*, 525 U.S. at 78-79.

In the cases on which Chase relies, this Circuit has used the positive assurances test to evaluate whether a particular claim falls within the scope of an arbitration provision or is collateral to the agreement and thus not subject to arbitration.  *See WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74-75 (2d Cir. 1997).  Specifically, when an arbitration provision is "broad" and "purport[s] to refer all disputes arising out of a contract to arbitration," this Court has held that the positive assurances test raises a "presumption of arbitrability" with respect to

---

[3]     Chase largely relies on cases involving CBAs.  *See* Chase Br. at 32 (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583-84 (1960) (applying positive assurances test to analyze CBA); *Nat'l Ass'n of Broad. Emps. & Technicians v. Am. Broad. Co.* (*"NABET"*), 140 F.3d 459, 460-62 (2d Cir. 1998) (same)).

14

certain collateral matters even if they are not explicitly covered. *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998) (internal quotation marks and citation omitted). However, when an arbitration clause is "narrow" and "limit[s] arbitration to specific types of disputes," *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 858 F.2d 825, 832 (2d Cir. 1988), there is no presumption that a collateral claim must be arbitrated. *See Louis Dreyfus Negoce S.A.*, 252 F.3d at 224. In that case, the court "must determine whether the dispute is over an issue that is on its face within the purview of the clause." *Id.* (internal quotation marks and citation omitted).

This analysis does not fit the circumstances of this appeal. Here, there are no collateral issues that require the Court to determine whether the Arbitration Clause is broad or narrow. The only question is the impact of the explicit contractual language at issue – "required to be arbitrated by the FINRA Rules" – and whether it precludes Chase from moving to compel Plaintiffs to arbitrate their class claims at this stage of the litigation.

Moreover, even if the Court were to apply the positive assurances analysis to this case, the district court's ruling should be affirmed because the Arbitration Clause is narrow. The Clause is explicitly limited to claims arising from delineated types of claims that are "required to be arbitrated by the FINRA Rules." App.76, App.84, App.92, App.100 (claims arising from business activities, status

15

as registered representatives, and employment). Thus, because Plaintiffs' class claims fall outside of these parameters, they are not "within the purview of the [Arbitration] [C]lause" and are not arbitrable.[4] *See Louis Dreyfus Negoce S.A.*, 252 F.3d at 224 (internal quotation marks and citation omitted).

*NABET*, on which Chase relies, involved a CBA and is factually dissimilar from this case in other ways as well. In *NABET*, this Court interpreted whether a CBA applied to disputes that arose in Hawaii, outside of the continental United States. *Id.* at 462. In concluding that it did, the Court held that, even though "the balance of the agreement govern[ed] terms and conditions of employment . . . in the continental United States," the agreement did not specifically bar the arbitration of disputes outside of that area and thus would "strain[] neither the language of the agreement nor common sense" to find that it also applied in Hawaii. *Id.* at 462. Chase's interpretation of the Arbitration Clause *would* strain common sense because the Clause incorporates FINRA Rules, which explicitly preclude arbitration of Plaintiffs' class and collective claims.[5]

---

[4]    In contrast, *Comedy Club, Inc., v. Improv West Associates*, 553 F.3d 1277 (9th Cir. 2009), on which Chase relies, involved a broad agreement to arbitrate "'[a]ll disputes relating to or arising under this Agreement,'" *id.* at 1285, which the Ninth Circuit held could be reasonably interpreted to cover both equitable and legal claims. *Id.* at 1285-86.

[5]    Similarly, in *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278 (2d Cir. 2005), this Court held that a later agreement containing a forum selection clause did not void the parties' earlier arbitration agreement because the forum selection clause did not "specifically preclude[]" arbitration. *Id.* at 284 (internal quotation

Even if a presumption of arbitrability applied, however, that presumption is overcome by the plain language of the Arbitration Clause, which expressly incorporates FINRA Rules that preclude Chase from moving to compel Plaintiffs' class claims at this time.

### 2.     The Arbitration Clause Does Not Contain a "Separate Agreement" to Resolve Disputes by Individual Arbitration.

The Arbitration Clause does not contain "a separate agreement" to resolve disputes by individual arbitration "that FINRA has elected not to administer as class or collective litigation." Chase Br. at 17.  There is only one agreement at issue here and that agreement specifically provides only for arbitration of three types of claims "*required* to be arbitrated by FINRA Rules." App.76, App.84, App.92, App.100 (emphasis added).  In the very same paragraph, the Arbitration Clause states that arbitration shall be "in accordance with the Code of Arbitration Procedure of the FINRA." *Id*.  Chase specifically chose the FINRA Rules to govern arbitrability *and* arbitration of its employees' claims and did not even attempt to contract around them.

Courts have consistently held that where, as here, an arbitration agreement explicitly invokes the FINRA Rules, this shows the parties' intent to arbitrate their

---

marks omitted).  Here, however, Chase's Arbitration Clause specifically precluded Chase from compelling Plaintiffs to arbitrate their class and collective claims because it incorporated FINRA Rules.

claims in accordance with those rules. *See Alakozai*, 2014 WL 487075, at *1 (the

"plain language" of the arbitration agreement incorporated FINRA Rules, and

therefore excluded class claims from arbitration); *Zeltser v. Merrill Lynch & Co.*,

No. 13 Civ. 1531, 2013 WL 4857687, at *1, 3 (S.D.N.Y. Sept. 11, 2013)

(agreement to arbitrate "any dispute, claim or controversy . . . required to be

arbitrated under the rules, constitutions or by-laws of [FINRA]" prohibited

defendant from moving to compel putative class and collective claims); *Velez v.*

*Perrin Holden & Davenport Cap. Corp.*, 769 F. Supp. 2d 445, 446-47 (S.D.N.Y.

2011) (arbitration of class action claims was barred because arbitration agreement

explicitly provided that disputes should be resolved according to FINRA Rules);

*Gomez v. Brill Sec., Inc.*, 95 A.D. 3d 32, 37 (N.Y. App. Div. 2012) (where

agreement was "exceedingly clear that arbitration shall be governed by the rules

promulgated by FINRA," arbitration of class action was barred because agreement

incorporated by reference FINRA Rule 13204, which prohibits arbitration of class

action claims and enforcement of any arbitration agreement that involves a claim

that is the subject of a class action).

The cases on which Chase relies are distinguishable because they *did*

involve separate agreements to arbitrate that *did not* explicitly incorporate FINRA

Rules. For example, unlike the Arbitration Clause here, the arbitration agreement

in *Cohen v. UBS Financial Services, Inc.*, No. 12 Civ. 2147, 2012 WL 6041634

18

(S.D.N.Y. Dec. 4, 2012), did not mention FINRA Rules or in any way condition arbitration on what the FINRA Rules require.  *See id*. at *1.  Instead, the agreement provided that employees "waive any right to commence, be a party to or an actual or putative class member of any class or collective action arising out of or relating to your employment with UBS."  *Id.*  Similarly, in *Suschil v. Ameriprise Financial Services, Inc.*, No. 07 Civ. 2655, 2008 WL 974045 (N.D. Ohio Apr. 7, 2008), the agreement did not mention FINRA Rules and included an explicit waiver of employees' rights to "litigate any Claims in court" and to "participate in a representative capacity or as a member of any class of claimants in an action in a court of law."  *Id.* at *1.[6]

### 3.    The Arbitration Clause Does Not Waive Plaintiffs' Right to Bring Class or Collective Claims in Court.

Chase argues that the use of "you" and "your" in the Arbitration Clause demonstrates that Plaintiffs agreed to bring their claims only on an individual basis.  Chase Br. at 20-25.  Chase could have attempted to draft such a waiver, but it did not.  It expressly prohibited Plaintiffs only from bringing class claims in arbitration – not in court.  *See* App.76, App.84, App.92, App.100 ("no claims shall

---

[6]    *Credit Suisse First Boston Corp. v. Pitofsky*, 4 N.Y.3d 149 (2005), cited by Chase, is not applicable.  The case involved a dispute over the arbitration forum, and did not involve a class or collective action waiver.  *Id*. at 155-56.  The court rejected the employer's argument that the plaintiffs were required to arbitrate their claims in the employer's chosen forum, rather than before the New York Stock Exchange, because that was the forum identified on the plaintiffs' U-4 forms.  *Id.* at 155-57.

be arbitrated on a class or collective action or collective or class-wide basis"). Referring to the same language, the district court in *Alakozai* held that "the arbitration provision does not contain a waiver to litigate class action claims in court," but "merely states that Plaintiffs cannot bring class claims to arbitration." *Alakozai*, 2012 WL 748584, at *3 n.4.

*Kinecta Alternative Financial Solutions, Inc. v. Superior Court*, 140 Cal. Rptr. 3d 347 (Cal. Ct. App. 2012), on which Chase relies, dealt with an entirely different question – whether claims could be arbitrated on a class-wide basis. *Id.* at 350. In determining whether the agreement permitted class arbitration, the court reasoned that the singular terms "I," "me," and "my" raised an inference that the parties intended to arbitrate on an individual basis. *Id.* at 356-57. In this case, the agreement is not silent as to whether class arbitration is permitted – it is clear that it is not permitted. *See* App.76, App.84, App.92, App.100; App. 107-08. However, the Arbitration Clause is *not silent* with respect to the types of claims that must be arbitrated – it explicitly only requires the arbitration of claims "required to be arbitrated by FINRA Rules," which exclude class claims pending in court. App.76, App.84, App.92, App.100; App. 107-08.

*Doyle v. Finance America, LLC*, 918 A.2d 1266 (Md. 2007), is also distinguishable. Unlike here, the agreement in *Doyle* required "any dispute . . . [to]

20

be resolved by arbitration" without limitation.  *Id*. at 1271.  Chase only required

claims "required to be arbitrated by FINRA Rules" to be submitted to arbitration.[7]

### 4.    The Rule of Last Antecedent Does Not Support Chase's Interpretation of Its Arbitration Clause.

The rule of last antecedent does not support Chase's interpretation of the

Arbitration Clause.  Chase claims that Plaintiffs' overtime claims arise from their

"business activities," which, it argues, is not modified by the "required to be

arbitrated by the FINRA Rules" language.  Chase Br. at 29.  However, in fact,

Plaintiffs' claims arise from their "employment," which Chase admits are subject

to the "required to be arbitrated by the FINRA Rules" language.  *Id*.

Moreover, the rule is "not an absolute" and is "overcome" by other language

that shows that Chase intended the FINRA Rules to govern the arbitration of each

of the delineated claims.  *See Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *see also*

*Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210, 215-16 (2d Cir. 1999),

*abrogated on other grounds as recognized by Sarhank Grp. v. Oracle Corp.*, 404

F.3d 657, 660 n.2 (2d Cir. 2005).  In addition to the "required to be arbitrated by

the FINRA Rules" language, the Arbitration Clause also states that claims "shall be

resolved . . . in accordance with the Code of Arbitration Procedure of the

---

[7]    *Republic of Iraq v. ABB AG*, 472 Fed. App'x 11 (2d Cir. 2012), also is distinguishable.  The case did not involve the question of whether an agreement contained a class or collective action waiver, but whether a third party to the agreement could compel arbitration under the terms of the agreement.  *See id.* at 13-14.

FINRA[.]" App.76, App.84, App.92, App.100.  This undermines Chase's

argument that the "required to be arbitrated" language only modifies employment

claims.

### 5.  The District Court Did Not Overlook Language in the Arbitration Clause and Read It as a Whole.

The district court did not "g[i]ve precedence" to certain language in the

Arbitration Clause and overlook other language.  It is Chase that ignores language

that it chose to include in its agreement.

The district court was right not to read the phrase "shall be resolved by

individual (not class or collective) arbitration" in isolation without regard to the

language that directly preceded it ("required to be arbitrated by the FINRA

Rules"), because that language specified the claims that were required to be

arbitrated.

Reading the two phrases together, as the Ninth Circuit did in *Alakozai*, does

not render the class and collective waiver language superfluous.  Read together, the

"required to be arbitrated" language specifies the claims that Plaintiffs were

required to arbitrate, and the class waiver language makes clear that the specified

claims must be arbitrated on an individual basis.  In fact, it is Chase's

interpretation that would render the "required to be arbitrated" language

superfluous, not the district court's interpretation.

22

### 6. Plaintiffs Did Not "Elect" to Waive Their Right to Participate in a Class or Collective Action.

Chase's argument that Plaintiffs elected not to participate in a class action under FINRA Rule 13204(a)(4) is illogical and should be rejected. First, Chase failed to raise this argument below, and therefore the Court should not consider it now. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

In any event, Rule 13204(a)(4) does not apply because Plaintiffs *have* elected to participate in a class and collective action. Rule 13204(a)(4) provides that Chase may only move to compel a member of a class or putative class to arbitrate her claims if she "elects not to participate in the class." App.107. The only logical interpretation of this provision is that it applies to class members who have opted out of a certified class. Plaintiffs here have done the opposite – they have explicitly elected to participate in the lawsuit.

Moreover, as discussed above, the Arbitration Clause did not require Plaintiffs to waive their right to participate in a class action in court because it explicitly carved out such claims by incorporating the FINRA Rules. *Cohen v. UBS Financial Services, Inc.* does not support Chase's argument because, as discussed above, the arbitration agreement in that case contained a separate and

23

specific waiver of the right to file and participate in a class action in court.  *See*

2012 WL 6041634, at *1.  Here, the Arbitration Clause bars only class arbitration,

which is consistent with FINRA Rule 13204.

### III.    The District Court Correctly Found that FINRA Rule 13204(b) Prohibits Chase From Compelling Plaintiffs to Arbitrate Their Collective Action Claims.

FINRA Rule 13204(b) also prohibits Chase from enforcing the Arbitration

Clause against Plaintiffs' collective claims at this stage of the case.

### A.    FINRA Rule 13204(b) Prohibits Chase From Seeking to Arbitrate Plaintiffs' Collective Action Claims.

Like FINRA Rule 13204(a), Rule 13204(b) prohibits Chase from enforcing

the Arbitration Clause against "a member of a certified or putative collective action

with respect to any claim that is the subject of the certified or putative collective

action until the collective action certification is denied or the collective action is

decertified."  App.107.  There is no dispute that Plaintiffs are members of a

certified collective action, that their FLSA claims are subject to that action, and

that the district court granted conditional certification and has not decertified the

collective.  *See* Dkt. Nos. 3, 6, 13, 56, 116.  Thus, Chase cannot compel Plaintiffs

to arbitrate their FLSA claims at this stage of the case.

Chase argues that Rule 13204(b) does not apply to Plaintiffs' FLSA claims

because it did not become effective until July 9, 2012, after all of the Plaintiffs

signed the Arbitration Clause and after Kaufmann, Krichman, and Hyman (but not Lammert) filed their claims in court. Chase's argument fails for several reasons.

First, Chase cites nothing to support its argument that the date on which the arbitration agreement is executed determines which FINRA Rules apply to a future claim. The district court correctly reasoned that "the Agreement incorporates the arbitration parameters defined by the FINRA Rules, without any specific temporal reference," and that "[i]t is consistent with the language of the agreement, and with FINRA's own effective date statement, to apply the current provisions of the rules." App.45 n.8.

The district court's determination is consistent with the regulatory notice that FINRA issued when it announced Rule 13204(b). Regulatory Notice 12-28 stated that "[t]he amendments [to Rule 13204] are effective on July 9, 2012, for *any claims that are part of a certified or putative collective action* under the FLSA, ADEA or EPA." App.167 (FINRA Regulatory Notice 12-28) (emphasis added). Here, the FLSA claims of Kauffman, Hyman, and Krichman were "part of a . . . putative collective action under the FLSA" on July 9, 2012 and thus, according to FINRA, Rule 13204(b) applies to them. Because Lammert asserted his FLSA claim after July 9, 2012, *see* Dkt. No. 56, Rule 13204(b) also applies to his claim.

Applying Rule 13204(b) to Plaintiffs' claims would not be a retroactive application of the rule, as Chase argues. Chase is seeking to arbitrate Plaintiffs'

claims now and thus the applicable FINRA Rules are those that are in effect now, including Rule 13204(b).  In addition, FINRA itself intended to apply Rule 13204(b) to claims that, as of July 9, 2012, "are part of a . . . putative collective action[.]"  App.167 (FINRA Regulatory Notice 12-28).  It did not limit the Rule's application to claims that were filed after that date.  *Id.*

In an analogous circumstance, several courts applied an amendment to the whistleblower provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"), which prohibited pre-dispute arbitration agreements from being enforced, to claims that arose before the amendment because the amendment affected the jurisdiction of the court to hear the claims and not the parties' substantive rights.  *See Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 422-23 (S.D.N.Y. 2012) (although dispute arose and arbitration agreement was signed prior to SOX amendment, amendment applied to SOX claims and did not have an impermissible retroactive effect because it primarily affected the jurisdiction of the court to hear the claims and did not diminish the defendant's substantive rights) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)); *Pezza v. Investors Capital Corp.*, 767 F. Supp. 2d 225, 233 (D. Mass. 2011) (SOX amendment merely conferred jurisdiction to the courts rather than to arbitration panel and therefore did not raise retroactivity concerns) (citing *Landgraf*, 511 U.S. at 274).  Here, application of Rule 13204(b) to Plaintiffs' claims does not raise retroactivity concerns because it pertains to the

26

jurisdiction of FINRA to hear the claims and does not deprive Chase of any

substantive right with respect to its defense against them.

**B.    The Agreement in the *Schwab* Case Is Not Similar to Chase's Arbitration Clause.**

In a footnote, Chase mentions a decision by a FINRA panel that enforced a

class action waiver in Charles Schwab & Co.'s arbitration agreement.  Chase Br. at

34 n.9; App.118-65 (*Dep't of Enforcement v. Charles Schwab & Co.*, Disciplinary

Proceeding No. 2011029760201 (Feb. 21, 2013) ("*Schwab*")).  To the extent that

Chase is relying on the *Schwab* decision, the agreement in *Schwab* is not

comparable to Chase's Arbitration Clause because it included a separate provision

explicitly waiving customers' right to bring a class action in any forum.  *See*

App.120 (*Schwab*) (agreement included section titled, "Waiver of Class Action or

Representative Action," and stated that customers were agreeing to "waive any

right to bring a class action, or any type of representative action").  The *Schwab*

agreement is similar to the agreement in *Cohen* and *Suschil* and unlike Chase's

Arbitration Clause, which does not contain a separate waiver.  *See supra* at pp. 17-

18.

**C.    Because Plaintiffs' Class Claims Are Not Subject to Arbitration, It Would Be Inefficient for the Court to Sever Their FLSA Claims and Send Them to Arbitration.**

Although the Arbitration Clause prevents Chase from compelling Plaintiffs

to arbitrate their collective claims under the FLSA, judicial economy provides a

27

separate and important basis for allowing Plaintiffs' collective claims to proceed

with their class claims in court.  If the Court agrees with Plaintiffs that the class

claims of Kaufmann, Hyman, and Krichman are not arbitrable,[8] it would be

"inefficient, wasteful, and duplicative" to dismiss their almost identical collective

claims, which are based on the same facts and circumstances as their class claims,

and send them to arbitration.  *See Fromer v. Comcast Corp.*, 886 F. Supp. 2d 106,

114 (D. Conn. 2012) (declining to enforce class action waiver of state claims after

court found federal claims to be non-arbitrable, because of the inefficiency of

doing so and because it was "difficult to imagine that the parties intended to pursue

analogous claims in both federal court and arbitration").

---

[8]      Chase asserts that Kaufmann is the only Plaintiff with class claims.  *See*
Chase Br. 3, 33 34, 36.  However, this is incorrect.  Hyman and Krichman also
have class claims because they worked for Chase in New Jersey and thus are
putative members of the New Jersey class.  *See* App.55; Dkt. No. 64-9 (Hyman
Decl.) ¶ 2; Dkt. No. 64-10 (Krichman Decl.) ¶ 2.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court

affirm the district court's denial of Chase's motion to compel arbitration.

Dated:        April 22, 2014

Respectfully submitted,

 */s/ Rachel M. Bien*

Adam T. Klein
Rachel M. Bien
Deirdre Aaron
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

*Attorneys for Plaintiffs-Appellees*

29

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 6,529 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: April 22, 2014

Respectfully submitted,

*/s/ Rachel M. Bien*
Rachel M. Bien